**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000500
31-OCT-2025
08:43 AM
Dkt. 68 SO**

NO. CAAP-24-0000500


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


PETER SISCO, Plaintiff-Appellant,
v.
STATE OF HAWAI'I, DEPARTMENT OF LAND AND NATURAL RESOURCES,
Defendant-Appellee, and
JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10;
DOE PARTNERSHIPS 1-10; DOE UNINCORPORATED ORGANIZATIONS 1-10;
and DOE GOVERNMENTAL AGENCIES 1-10, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CCV-23-0000097)


SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

Plaintiff-Appellant Peter **Sisco** appeals from the

Circuit Court of the Second Circuit's June 19, 2024 "Findings of

Fact, Conclusions of Law and Decision and Order" (**June 19, 2024**

**Order**) and June 28, 2024 Final Judgment.[1]  (Formatting altered.)

---

[1]  The Honorable Michelle L. Drewyer presided.

On appeal, Sisco contends the circuit court erred when it concluded he had not pled sufficient facts in his First Amended Complaint to assert any of the seven counts he raised against Defendant-Appellee the Department of Land and Natural Resources (**DLNR**).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and vacate and remand.

Sisco filed a complaint on March 31, 2023, and a First Amended Complaint on January 26, 2024. In his First Amended Complaint, Sisco asserted the following seven counts:

> **Count 1:** "Violation of [Hawai'i Revised Statutes (**HRS**)] § 7-1" (2009);
>
> **Count 2:** "Violation of HRS Chapter 205A" (2017);
>
> **Count 3:** "Violation of Common Law Customs";
>
> **Count 4:** "Violation of Common Law/Tort - Nuisance";
>
> **Count 5:** "Violation of Easement by Public Trust";
>
> **Count 6:** "Violation of HRS Chapter 115" (2012); and
>
> **Count 7:** "Violation of HRS § 91-7" (2012 & Supp. 2014).

(Formatting altered.) He alleged the following facts to support all seven counts:

8.   MR. SISCO, a fisherman, is a long-time resident of the Island of Maui.

9.   MR. SISCO has been fishing and enjoying the natural beauty (including sunsets) and leisure at [Pu'u Ōla'i] Beach (aka Little Beach) on Maui since 1987.

10.  On or about January 5, 2020, the DLNR put up a gate to the access to [Pu'u Ōla'i] Beach.

11.  The DLNR instituted a rule/policy unreasonably limiting the access to [Pu'u Ōla'i] Beach and on Saturday and Sundays closes the gate at 4.p.m.  Upon information and belief, the DLNR violated the statutory rulemaking procedures in making this new closure rule.

12.  Residents and tourists can still access the beach, yet the access around the gate is hazardous and creates serious risk of injury.

13.  MR. SISCO does not risk life and limb by trying to go around the gate, which would be in violation of the DLNR's rule/law, and is instead kept out of [Pu'u Ōla'i] Beach after 4 p.m. on the weekends preventing him from fishing and enjoying the sunset and natural beauty and leisure of [Pu'u Ōla'i] Beach after 4 p.m.

14.  Due to the lack of reasonable access, Mr. Sisco continues to no longer fish and enjoy [Pu'u Ōla'i] Beach during the normal and reasonable hours he would normally fish and enjoy the natural beauty and leisure activities at [Pu'u Ōla'i] Beach.

.   .   .   .

16.  Neighboring Oneloa Beach (Big Beach) has hours from 7:00 a.m. to 7:00 p.m.

.   .   .   .

18.  Based on the DLNR's actions in closing the gate and [limiting] access to [Pu'u Ōla'i] Beach MR. SISCO has been harmed in not having reasonable access to [Pu'u Ōla'i] Beach for fishing purposes and to enjoy the use and natural beauty of the beach during reasonable hours.

19.  MR. SISCO's harm continues each week as he is prevented from enjoying [Pu'u Ōla'i] Beach during reasonable hours on the weekend.

In his prayer for relief, Sisco sought "a declaratory judgment that DLNR has violated the law and [his] rights" and

"appropriate injunctive relief[,]" as well as "reasonable attorney's fees and costs . . . ."

In lieu of an answer, DLNR moved to dismiss all seven counts "for failure to state a claim upon which relief can be granted" under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 12(b)(6).

After a hearing on DLNR's motion, the circuit court dismissed all counts with prejudice. The circuit court also denied Sisco's request to again amend his complaint after determining Sisco could not prove any set of facts supporting any of the counts, and none of the claims supported the requested relief.[2]

The court entered final judgment in favor of DLNR and against Sisco as to all claims, and Sisco timely appealed.

On appeal, Sisco contends the circuit court erred when it concluded he had not pled sufficient facts to assert any of the seven counts against DLNR. We review the trial court's ruling on a motion to dismiss de novo. Nakamoto v. Kawauchi, 142 Hawaiʻi 259, 268, 418 P.3d 600, 609 (2018). The circuit court erred in dismissing Counts 4 and 5, but did not err in

---

[2]  Notably, Sisco does not challenge the circuit court's denial of his request for leave to file a second amended complaint. Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4) ("Points not presented in accordance with this section will be disregarded[.]").

4

dismissing the remaining counts of Sisco's First Amended Complaint.

**(1)   The circuit court erred in dismissing Counts 4 and 5.**

   **(a)   <u>Count 4 (Nuisance)</u>**

In Count 4, Sisco alleged DLNR's conduct violated "common law nuisance[,]" and that "[a]s a direct and proximate result of said unlawful practices [he] has suffered the loss of enjoyment of the use of [Puʻu Ōlaʻi] Beach during reasonable hours."

Hawaiʻi courts have recognized common law nuisance claims.  <u>Haynes v. Haas</u>, 146 Hawaiʻi 452, 453, 463 P.3d 1109, 1110 (2020) (allowing recovery of damages for public nuisance absent explicit statutory prohibition of challenged conduct).

"To satisfy pleading requirements, facts must be alleged in support of the four distinct elements of a public nuisance claim:  (1) the existence of a public right; (2) a substantial and unreasonable interference with that right by the defendant; (3) proximate cause; and (4) injury."  58 Am. Jur. 2d <u>Nuisances</u> § 168 (2025) (formatting altered) (citing <u>City of Chicago v. Beretta U.S.A. Corp.</u>, 821 N.E.2d 1099, 1113 (Ill. 2004) ("A sufficient pleading in a public nuisance cause of action will allege a right common to the general public, the transgression of that right by the defendant, and resulting injury.")).

"The preliminary question of whether the complaint states facts which, if proved, would permit the case to go to the jury is for the judge, but where [people] may well differ upon the reasonableness and the decency of the actions complained of, the question should be submitted to the jury . . . ." Fraser v. Morrison, 39 Haw. 370, 376 (Haw. Terr. 1952), abrogated on other grounds by Hac v. Univ. of Hawaiʻi, 102 Hawaiʻi 92, 73 P.3d 46 (2003).

Here, the circuit court concluded that the "limited closure of [Puʻu Ōlaʻi] Beach between 4:00 and 7:00 p.m. on Saturdays and Sundays . . . does not constitute a nuisance in and of itself."

Sisco's allegation that he is "kept out of [Puʻu Ōlaʻi] Beach" implicates the existence of a public right, because the public has a right to access Hawaiʻi's beaches. See County of Hawaiʻi v. Sotomura, 55 Haw. 176, 181-82, 517 P.2d 57, 61-62 (1973) ("The Ashford decision was a judicial recognition of long-standing public use of [Hawaiʻi's] beaches to an easily recognizable boundary that has ripened into a customary right. . . . Public policy, as interpreted by this court, favors extending to public use and ownership as much of [Hawaiʻi's] shoreline as is reasonably possible." (citation omitted)).

6

Next, as to the substantial and unreasonable interference element, Sisco alleged DLNR "unreasonably limit[ed] the access to [Puʻu Ōlaʻi] Beach and on Saturday and Sundays closes the gate at 4.p.m."

Finally, as to proximate cause and injury, Sisco alleged a loss of enjoyment due to his inability to fish and to enjoy the natural beauty of Puʻu Ōlaʻi Beach as a "direct and proximate result" of DLNR's conduct.  See Akau v. Olohana Corp., 65 Haw. 383, 389-90, 652 P.2d 1130, 1135 (1982) (recognizing for standing purposes that injuries to recreational interests are cognizable).

Thus, Sisco alleged sufficient facts supporting the four distinct elements of a public nuisance claim, and the circuit court erred in dismissing Count 4 with prejudice.

**(b)  Count 5 (Public Trust)**

In Count 5, Sisco claimed DLNR's conduct violated the "easement by public trust."  On appeal, Sisco claims "[i]t is clear, based on" his First Amended Complaint and the "common law doctrine of public trust that Mr. Sisco has pled sufficient facts to state a claim . . . ."

Though "easement by public trust" has not been expressly adopted, article XI, section 1 of the Hawaiʻi Constitution provides, in pertinent part, that

the State and its political subdivisions shall conserve and protect [Hawaiʻi's] natural beauty and all natural resources, including . . . water, . . . and shall promote the development and utilization of these resources in a manner consistent with their conservation and in furtherance of the self-sufficiency of the State.

The supreme court has also held that land along the shoreline below the high water mark of the ocean is a natural resource, owned by the state, and held in trust for the enjoyment of certain public rights. Sotomura, 55 Haw. at 183-84, 517 P.2d at 63. Thus, the state's beaches are held in trust for public use and enjoyment.

Here, the circuit court concluded the First Amended Complaint "is devoid of allegations that DLNR, which manages lands in the state park system, has a trustee duty to make those lands accessible to the public without restriction." (Emphasis added.)

But Sisco did not seek unrestricted access. Instead, Sisco alleged "DLNR's actions in closing the gate and [limiting] access to [Puʻu Ōlaʻi] Beach" harmed him, because he no longer has "reasonable access to [Puʻu Ōlaʻi] Beach for fishing purposes and to enjoy the use and natural beauty of the beach during reasonable hours."

Sisco is entitled to proceed in his theory that closing Puʻu Ōlaʻi Beach for six hours each week is an unreasonable restriction under the public trust, notwithstanding that adjacent beaches are open at those times.

8

Thus, the circuit court erred in dismissing Count 5 with prejudice.

**(2) The circuit court did not err in dismissing the remaining counts.**

**(a) Count 1 (HRS § 7-1)**

In Count 1, Sisco alleged violation of HRS § 7-1. HRS § 7-1 provides:

> **§ 7-1 Building materials, water, etc.; landlords' titles subject to tenants' use**. Where the landlords have obtained, or may hereafter obtain, allodial titles to their lands, the people on each of their lands shall not be deprived of the right to take firewood, house-timber, aho cord, thatch, or ki leaf, from the land on which they live, for their own private use, but they shall not have a right to take such articles to sell for profit. The people shall also have a right to drinking water, and running water, and the right of way. The springs of water, running water, and roads shall be free to all, on all lands granted in fee simple; provided that this shall not be applicable to wells and watercourses, which individuals have made for their own use.

(Some formatting altered.)

Sisco, however, did not allege that he resided within the same ahupuaʻa as Puʻu Ōlaʻi Beach. See Kalipi v. Hawaiian Tr. Co., 66 Haw. 1, 7-8, 656 P.2d 745, 749 (1982) (interpreting the "gathering rights of § 7-1 to assure that lawful occupants [i.e., persons residing within the ahupuaʻa in which they seek to exercise gathering rights] of an [ahupuaʻa] may, for the purposes of practicing native Hawaiian customs and traditions, enter undeveloped lands within the [ahupuaʻa] to gather those items enumerated in the statute").

Sisco also did not allege that Puʻu Ōlaʻi Beach was a traditional gathering area utilized by tenants of other ahupuaʻa. See Pele Def. Fund v. Paty, 73 Haw. 578, 620, 837 P.2d 1247, 1272 (1992) ("We therefore hold that native Hawaiian rights protected by article XII, § 7 may extend beyond the ahupuaʻa in which a native Hawaiian resides where such rights have been customarily and traditionally exercised in this manner.").

Thus, the circuit court did not err in dismissing Count 1.

### (b)  Count 2 (HRS Chapter 205A)

In Count 2, Sisco alleged DLNR's conduct violated HRS Chapter 205A, the Coastal Zone Management Act (**CZMA**).  Sisco's challenge, however, was untimely.

Sisco does not dispute the circuit court's finding that his counsel clarified the CZMA claim challenges the "construction of the gate at the main access to [Puʻu Ōlaʻi] Beach itself, rather than a challenge to the hours of closure." Sisco alleged "DLNR put up a gate to the access to [Puʻu Ōlaʻi] Beach" on or about January 5, 2020.

Under HRS § 205A-6 (2017), "any person . . . may commence a civil action alleging that any agency" has not complied with the CZMA's objectives, policies, and guidelines or not performed any act or duty required by the CZMA within sixty days of the act underlying the civil action.  HRS § 205A-6(a),

10

(d) (emphasis added). Sisco, however, filed his initial complaint on March 31, 2023, more than three years later.

Thus, the circuit court did not err in dismissing Count 2.

### (c)  Count 3 ("Common Law Customs")

In Count 3, Sisco claimed DLNR violated "common law customs" and he was entitled to "relief as provided by law."

Sisco cites to no specific legal authority, and we decline to guess the legal authority on which he relies to assert "common law customs."  Even liberally construing this claim as we must, we cannot say the First Amended Complaint provided DLNR fair notice of the grounds upon which his claim rests.  See HRCP Rule 8; Adams v. Dole Food Co., 132 Hawai'i 478, 488, 323 P.3d 122, 132 (App. 2014) ("[Hawai'i's] rules of notice pleading require that a complaint set forth a short and plain statement of the claim that provides defendant with fair notice of what the plaintiff's claim is and the grounds upon which the claim rests.  Pleadings must be construed liberally." (citations omitted)).

Thus, the circuit court did not err in dismissing Count 3.

### (d)  Count 6 (HRS Chapter 115)

In Count 6, Sisco claimed DLNR violated "HRS §§ 115-1, *et seq.*"

11

Et seq. is an abbreviation for the Latin "et sequentia," meaning "those (pages or sections) that follow[.]" Et seq., Black's Law Dictionary 693 (12th ed. 2024). HRS Chapter 115 comprises ten sections. Although Sisco block quotes HRS §§ 115-1 and -4 in his opening brief, Sisco makes no argument to this court as to those sections or any other section within HRS Chapter 115. See State v. Kahanaoi, 128 Hawaiʻi 313, 288 P.3d 131, No. CAAP-12-0000021, 2012 WL 5359188, at *2 (App. Oct. 31, 2012) (SDO) ("It is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel." (citation omitted)).

Thus, we decline to address Sisco's contention on appeal as to this count.

### (e)  Count 7 (HRS § 91-7)

In Count 7, Sisco alleged "DLNR violated HRS § 91-7 in adopting the rule/policy of closing [Puʻu Ōlaʻi] Beach at unreasonable hours on the weekend, including violating rulemaking statutory procedures."

Sisco does not challenge DLNR's authority to adopt and implement rules relating to public access; rather, he challenges the reasonableness of the closure times, generally asserting that it contravenes HRS § 91-7. We are not required to accept Sisco's conclusory allegation that the scheduled closure of Puʻu

12

Ōlaʻi Beach on weekend evenings is a "rule" under HRS Chapter 91. See Kealoha v. Machado, 131 Hawaiʻi 62, 74, 315 P.3d 213, 225 (2013) ("The court is not required to accept conclusory allegations on the legal effect of the events alleged." (citation modified)). And Sisco presents no argument or analysis for the court to conclude that the scheduled closure of Puʻu Ōlaʻi Beach on weekend evenings is a "rule" under HRS Chapter 91, subject to statutory rulemaking procedures.

Thus, the circuit court did not err in dismissing Count 7.

Based on the foregoing, we vacate the portions of the circuit court's order related to dismissing Counts 4 and 5 with prejudice; we otherwise affirm. We remand this case for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, October 31, 2025.

On the briefs:

Joseph T. Rosenbaum,
Elizabeth Jubin Fujiwara,
Marcos R. Bendaña,
for Plaintiff-Appellant.

Julie H. China,
Melissa D. Goldman,
Deputy Attorneys General,
for Defendant-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge